## PITTS *v.* NEWLIN HAINES COMPANY.

---

ATTORNEY AND CLIENT; RETAINING LIEN.

It is error, upon a rule to show cause, to order an attorney to return forthwith to his client books and papers of the latter in the former's possession, where the allegation in the answer to the rule, to the effect that the attorney has a retaining lien upon the papers, is not denied.

No. 3152.  Submitted October 8, 1918.  Decided November 4, 1918.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, sitting as an equity court, in a suit by a client to recover possession of certain books, etc., retained by its attorney.          *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellee, Newlin Haines Company, plaintiff below, a New Jersey Corporation, filed a bill in equity in the supreme court of the District of Columbia against defendants, G. Bryan Pitts and Leo P. Harlow, to recover possession of certain papers belonging to plaintiff company alleged to be held by defendants after due demand had been made for their delivery. A rule to show cause was issued, and defendants in their return set forth that Harlow had been retained by plaintiff corporation

as its attorney at a stipulated retainer; that "the books, papers, and note which were delivered by the plaintiff company to the defendants are in the exclusive possession of the defendant Leo P. Harlow, who has and asserts a retaining lien thereon for the amount which the plaintiff company is indebted to him as its attorney as aforesaid.   *   *   *   The defendant G. Bryan Pitts disclaims any possession or any right of possession of any of the said books and papers, and the defendant Leo P. Harlow disclaims any right of possession thereof except in virtue of his retaining lien thereon for the fees which the plaintiff company owes him."

A hearing was had upon the rule to show cause and the answer to the rule, at which the only evidence submitted was an agreement in writing between defendant Pitts and the plaintiff, in which reference is made to attorney's fees to be paid defendant Harlow by the plaintiff. The court "ordered that the defendant Harlow return forthwith to plaintiff the books, papers, and personal property prayed for in the bill, and that the defendant Pitts be and he hereby is enjoined from divulging any information, directly or indirectly, which he has obtained from said books or papers." The case comes here on a special appeal from the foregoing order.

*Mr. Daniel Thew Wright* and *Mr. Walter A. Johnston* for the appellants.

*Mr. Wilton J. Lambert* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The single question before us is stated in the first assignment of error as follows: "The court erred in ordering that the defendant Harlow return forthwith to plaintiff, the books, papers, and personal property prayed for in the bill." The allegations of the answer to the rule were not denied. Hence, for the purposes of this case, the answer must be accepted as true. An attorney's retaining lien broadly attaches to papers,

books, documents, securities, and moneys, or other personal property, which come into the possession of the attorney in the course of his professional employment. It differs from a charging lien against a fund derived by his aid, in that it attaches to property actually in his possession.

In the state of this record, Harlow's right to a lien cannot be questioned. What the further development of the case may disclose is mere conjecture, and cannot be indulged in favor of or against either party. If plaintiff had elected to stand upon the bill and answer to the rule, the judgment would, of necessity, have been in Harlow's favor; and that is, in effect, the situation here presented. Before an order for the delivery of the property retained can be made, it is the duty of the court to determine the question of the existence of the lien; and, if one is found to exist, decree delivery of the property upon payment of the amount of the lien. *McPherson* v. *Cox,* 96 U. S. 404, 24 L. ed. 746.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.     *Reversed and remanded.*